SUMMARY ORDER

Petitioner Bing Xin Lin, a native and citizen of China, seeks review of a September 11, 2008 order of the BIA affirming the March 2, 2007 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bing Xin Lin, No. A 200 125 684 (B.I.A. Sept. 11, 2008), aff'g No. A 200 125 684 (Immig. Ct. N.Y. City Mar. 2, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements it, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Lin has waived any argument that she has a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42); Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, the agency properly found that Lin failed to *667 demonstrate that she suffered past persecution in undergoing mandatory gynecological examinations. As Lin observes in her brief, “when it has been determined that an alien has not suffered a per se form of persecution, i.e., an abortion or sterilization ... she must establish that: (1) she resisted China’s family planning policy; (2) she has been persecuted (or has a well-founded fear of persecution); and (3) the persecution was or would be because of the respondent’s resistance to the policy.” Matter of M-F-W- & L-G-, 24 I. & N. Dec. 633, 637 (BIA 2008). In Matter of M-F-W-, the BIA analyzed the question, analogous to that presented in this case, of whether an applicant’s forcible IUD insertion constituted persecution. 24 1. & N. Dec. at 642. The BIA explained that it did not “intend to imply that having an IUD inserted can never be found to be persecutive. However, to rise to the level of harm necessary to constitute persecution, the insertion of an IUD must involve aggravating circumstances.” Id. We agree with Lin that the BIA’s analysis in Matter of M-F-W- is applicable here, because mandatory gynecological examinations are not a per se form of persecution. See id. at 637. However, we are not persuaded by Lin’s argument that the gynecological examinations she endured were conducted under “aggravated circumstances.” In denying Lin’s claims for relief, the BIA relied on Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d at 198 (2d Cir.2005), stating that “while a free a society respects physical autonomy, absent more, we cannot conclude that the required examinations in this case evidence past persecution.” Lin argues that the gynecological examinations that she underwent were highly abhorrent to her “deeply held beliefs” and that she felt shame, embarrassment, and humiliation during the examinations. There is no evidence, however, that the examinations were performed under “aggravating circumstances” sufficiently harmful to rise to the level of persecution described in Matter of M-F-W-. 24 I. & N. Dec. at 641-42 (explaining that “examples of routine acts implementing China’s family planning policy that are lacking in harm sufficient to constitute persecution include ... regularly required gynecological exams, and other routine fines and threats for disobeying the policy”). Were we to hold otherwise, virtually any female asylum applicant from China would establish that she suffered past persecution solely by having attended a mandatory gynecological examination despite her opposition to such examinations. The Immigration and Nationality Act does not “anticipate or require such a result.”[2] See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Lin argues, for the first time, that she is entitled to relief on account of her membership in the particular social group of "all women in China over the age of 18 who refuse to submit to mandatory gynecological examinations due to their belief that such examinations are abhorrent to their physical integrity.” We decline to consider Lin’s argument because she failed to exhaust it before the BIA. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).